IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FAHEEM RODGERS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6848 |
| | : | |
| MONTIUM, | : | |
| Defendant. | : | |

## MEMORANDUM

SÁNCHEZ, J.                                                      JUNE  30, 2026

In a prior Memorandum and Order, the Court dismissed in part Faheem Rodgers's Complaint alleging Title VII employment discrimination claims arising from his termination by Defendant Montium.  *Rodgers v. Montium*, No. 25-6848, 2026 WL 1079294 (E.D. Pa. April 21, 2026) ("the April Memorandum").  Rodgers was provided the option of either proceeding on his Title VII color-based discrimination claim or filing an amended complaint.  (*See id*.)  Currently before the Court are Rodgers's Amended Complaint (ECF No. 9 ("Am. Compl.")), Motion to Proceed *In Forma Pauperis* (ECF No. 10), and Motion to Appoint Counsel (ECF No. 11).  For the following reasons, Rodgers's Amended Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915.  The Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel will both be denied.

I.      **FACTUAL ALLEGATIONS**[1]

---

[1] The factual allegations are taken from the Amended Complaint (ECF No. 9), which when filed became the governing pleading in the case.  *See  Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).  The Court cannot look to the original Complaint "to help fill the factual void in [the plaintiff's]

By checking boxes on the form complaint he used to file his Amended Complaint, Rodgers asserts he was subjected to wrongful termination, failure to stop harassment, and unequal terms and conditions of employment based on his race, religion, and skin color, in violation of Title VII. (Am. Compl. at 1-3.)   His factual allegations in support of these claims consist of a single paragraph, which the Court quotes in full:

> I began working for Montium as a maintenance engineer.  Around July 28, 2023, I began experiencing harassment & unequal treatment at work.  I was subjected to inappropriate comments & behavior related to my race (black), religion (muslim), and skin color for eating a bacon (pork) egg & cheese.  I was also treated differently than other employees in terms of assignments, discipline, or opportunities.  I reported this behavior to management & HR on [sic] Oct. 2023.  Management then asked me what my name stands for instead of addressing my issue.  No action was taken to stop the harassment.   This behavior continued & caused a hostile environment.  As a result, I have been negatively affected in my employment, including stress, termination, lost opportunities, & bad referrals for my new employment.

(*Id*. at 3.)  Based on these allegations, Rodgers seeks lost wages and damages.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

Because the Court previously granted Rodgers leave to proceed *in forma pauperis*, his case remains subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  This requires the Court to screen and dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d

---

amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35). *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.  Where the Court quotes from *pro se* submissions, punctuation, spelling, and capitalization errors will be cleaned up as needed.

2

236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Rodgers is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 245).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

The Court understands Rodgers to assert Title VII discriminatory discharge and hostile work environment claims.[2]  His allegations in support of both claims are largely conclusory and do not meet the pleading standard.  In the Court's prior Order dismissing in part Rodgers's original Complaint, the Court advised Rodgers that if he elected to file an amended complaint:

> his amended complaint must be a complete document that includes all of the bases for Rodgers's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. **This means that if Rodgers files an amended complaint, he must reallege his Title VII skin color-based employment discrimination claim, which was not dismissed, or he will be deemed to have abandoned it**.

(ECF No. 8 ¶ 5.)  The Court also provided Rodgers with the form complaint for *pro se* litigants alleging employment discrimination claims.  (*Id*. ¶ 4.)  Rodgers has completed and returned that form, but as discussed further below, he has failed to heed the Court's instructions about providing a complete document that includes all of the bases for his claims and does not rely on the original Complaint.  In fact, Rodgers has provided substantially less detail in the Amended Complaint than in his original Complaint, and his amended pleading consists largely of legal conclusions that do not state a plausible a claim to relief.  As discussed below, he fails to provide a narrative setting forth the factual bases for his claims, including the allegations which the Court previously found to assert a plausible Title VII skin color-based discrimination claim.

### A.    Hostile Work Environment

To plead a hostile work environment claim, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was

---

[2] Rodgers appears to abandon the Title VII retaliation claim asserted in his original Complaint.

4

severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (cleaned up)); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)).

Rodgers asserts that, "[a]round July 28, 2023, I began experiencing harassment & unequal treatment at work. I was subject to inappropriate comments & behavior related to my race (black), religion (muslim), & skin color for eating a bacon (pork) egg & cheese." (Am. Compl. at 3.) He also alleges he "was . . . treated differently than other employees in terms of assignments, discipline, or opportunities." (*Id*.) Rodgers states that he reported the problems to Montium management, but "[n]o action was taken to stop the harassment. This behavior continued & caused a hostile environment." (*Id*.) Rodgers's terse allegations do not state a plausible Title VII claim. He describes the allegedly harassing behavior in only the vaguest terms and provides no detail regarding what harassment he experienced relating to his race, color, and religion; who harassed him or made inappropriate comments; and whether the harassment occurred only once or on several occasions. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing

*Twombly*, 550 U.S. at 555).  Rodgers provides little more than conclusory statements in support of his hostile work environment claim.  His allegations contain insufficient "factual content [for] the court to draw the reasonable inference that [Montium] is liable for the misconduct alleged." *Id*. at 678.  Accordingly, Rodgers's Title VII hostile work environment claim will be dismissed, however the Court will grant him one final opportunity to amend his claim if he can allege additional facts that meet the pleading standard above.

**B.      Discriminatory Termination**

Rodgers re-alleges a discriminatory termination claim against Montium.  As the Court previously explained to Rodgers, to state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a 'motivating' or 'determinative' factor" in his employer's adverse employment action. *Rodgers*, 2026 WL 1079294 at \*2 (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).  A plaintiff alleging a Title VII claim for discriminatory discharge may do so by alleging that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) the employment action suggests an inference of discrimination because of his membership in the protected class, such as might occur when the position is filled by a person not of the protected class. *Id*. (citing *Reese v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-1382, 2008 WL 5188853, at \*2 (D.N.J. Dec. 10, 2008); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n. 5 (3d Cir. 1996); *Theophane v. Homeland Intel., LLC*, No. 25-1258, 2025 WL 887813, at \*3 (E.D. Pa. Mar. 21, 2025) ("Theophane must plausibly allege that he: (1) is a member of a protected class; (2) was qualified for the position he sought to attain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.").

Rodgers's allegations in support of his discriminatory termination claim are even more sparse than those for his hostile work environment claim.  He states only that "[a]s a result [of workplace harassment he has] been negatively impacted in [his] employment, including stress, termination, lost opportunities, & bad referrals for new employment."  (Am. Compl. at 3.)  He does not allege basic facts underlying his discriminatory termination claim, such as when he was terminated, by whom, or what circumstances suggest that his termination was the result of discrimination.  Without more, his discriminatory termination claim is not plausible.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555).  The Court will afford Rodgers one additional opportunity to amend his pleading in the event he can allege a plausible claim for relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Rodgers's Amended Complaint but give him one final opportunity to amend his claims.  Rodgers is reminded that he must allege any and all supporting facts in any second amended complaint he files, meaning that he must reassert all of the factual allegations that give support to his claims rather than assuming knowledge of those facts from prior pleadings.  He may, but is not required, to use the Court's *pro se* employment discrimination form complaint in drafting his second amended complaint.  The Motion to Proceed *In Forma Pauperis* will be denied because Rodgers has already been granted *in forma pauperis* status.  (*See* ECF No. 8.)  His Motion to Appoint Counsel will be denied without prejudice.[3]  An appropriate Order follows, which provides further guidance about amendment.

---

[3] Rodgers's request for counsel is denied without prejudice as premature.  At this stage of the litigation, his complaint has not passed the screening stage under 28 U.S.C. § 1915.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before exercising discretion to appoint

**BY THE COURT:**

/s/ Juan R. Sánchez

**JUAN R. SÁNCHEZ, J.**

---

counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Rodgers may renew his request after any second amended complaint has been screened for merit. If Rodgers chooses to file a renewed motion for the appointment of counsel after screening, he should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.

8